# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| JONATHAN LAMAR BEAL, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:15CV13 SNLJ |
| CO#2, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff, Jonathan Lamar Beal, an inmate at the Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess a nominal initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted a letter indicating that he has been unable to ascertain a copy of his inmate account statement at this time. Accordingly, the Court will assess a nominal initial partial filing fee in an amount of $1.00 at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, an inmate at ERDCC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations to his civil rights that purportedly occurred when he was incarcerated at Dunklin County Jail. Plaintiff has not identified any of the five defendants by name in this action, rather he has identified each of the "correctional officers" at Dunklin County Justice Center by number: CO#2; CO#9; CO#13; CO#21; CO#22.

Plaintiff asserts that he was subjected to excessive force by one or two of the unnamed correctional officers at the Dunklin County Jail in December of 2014 after a verbal altercation

with another unnamed correctional officer. Plaintiff also complains that he wasn't given proper medical treatment after he was subjected to excessive force, but he has failed to identify exactly what his medical needs were, or what purportedly serious illness he was suffering from. Plaintiff also makes a general and conclusory claim that he was subjected to "racial profiling" because he believes that although he and other inmates "disrespected" correctional officers, he (a black male) was the only one sent to disciplinary segregation, while the other white inmates were simply escorted back to their cells.

Plaintiff seeks monetary relief in his complaint.

## Discussion

At the outset, the Court notes that, in general, fictitious parties (unnamed John Does) may not be named as defendants in a civil action. *Phelps v. United States,* 15 F.3d 735, 739 (8th Cir. 1994). An action may proceed against a party whose name is unknown, however, if the complaint makes sufficiently specific allegations to permit the identity of the party to be ascertained after reasonable discovery. *Munz v. Parr,* 758 F.2d 1254, 1257 (8th Cir. 1985). In the case at hand, it is not entirely clear whether the identity of the correctional officers could be ascertained after reasonable discovery, as the Court is not aware of whether the numbering device used by plaintiff for these correctional officers is one adhered to by the Dunklin County Jail or if it is simply one used by plaintiff, himself. *See Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995) (suit naming "various other John Does to be named when identified" not permissible). Because plaintiff's lawsuit is subject to dismissal on other grounds, the Court will not address the issue at this time.

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity

claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official – in this case, Dunklin County. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted with regard to the correctional defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3<u>rd</u> day of March, 2015.

                                                       /s/ Stephen N. Limbaugh, Jr.
                                                      STEPHEN N. LIMBAUGH, JR.
                                                      UNITED STATES DISTRICT JUDGE